UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DON M. DOWNING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV206 CDP |
| | ) | |
| GOLDMAN PHIPPS PLLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This order deals with defendants' two motions to dismiss for failure to state a claim and their motion to strike. [ECF Nos. 136, 138, 146.] For the reasons that follow, I will deny all three motions.

## Background

As set out in more detail in earlier orders, this case is one of several arising from disputes over fees among lawyers representing groups of plaintiffs in the genetically modified rice multi-district litigation (Rice MDL). I issued an order in the Rice MDL creating a common benefit trust fund to compensate co-lead counsel and those attorneys working with them for services they provided that benefited all the plaintiffs in this litigation (the Common Benefit Order). *See In re Genetically Modified Rice Litig.,* No. 4:06MD1811CDP, ECF No. 2574, 2010 WL 716190 (E.D. Mo. Feb. 24, 2010). The Common Benefit Order required percentages of

any settlements or judgments from the Rice MDL cases to be contributed to the Fund. I held that this court lacked jurisdiction to order parties in related state-court cases to make contributions. The two groups of lawyers and law firms who are plaintiffs in this suit seek to recover from two groups of lawyers and law firms, namely the Phipps Group[1] and Murray Group,[2] who represented plaintiffs in those state-court cases. Plaintiffs bring claims against these defendant lawyers under theories of unjust enrichment and quantum meruit.

## **Legal Standards**

Motion to Dismiss – Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989). Matters of public record referenced in a complaint may be considered by the court in determining a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Deerbrook Pavilion, LLC v. Shalala,* 235 F.3d 1100, 1102 (8th Cir. 2000).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a

---

[1] The Phipps Group is made up of the following law firm defendants: Goldman Phipps PLLC, Goldman Pennebaker & Phipps P.C., Phipps Cavazos PLLC, Mikal C. Watts P.C., Keller Stolarczyk PLLC, and Banks Law Firm PLLC; as well as individual lawyer defendants Martin J. Phipps, Mikal C. Watts, and Charles A. Banks.
[2] The defendants in the Murray Group are the Murray Law Firm and individual lawyer Stephen B. Murray Sr.

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555; *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly,* 550 U.S. at 570. The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-530 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

<u>Motion to Strike – Rule 12(f)</u>

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Although the court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (per

curiam). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." *Id.* (internal quotation marks and citations omitted). A motion to strike will not be granted unless the challenged matter "is immaterial in that it has no essential or important relationship to the claim for relief." *FDIC v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (internal quotation marks and citations omitted). Courts have defined allegations or defenses as "impertinent" when they "do not pertain, and are not necessary to the issues in question." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004).

Unjust Enrichment

A claim for unjust enrichment under Missouri law has three elements: 1) a benefit conferred by a plaintiff on a defendant; 2) the defendant's appreciation of the fact of the benefit; and 3) the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable. *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. Ct. App. 2006). "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Petrie v. LeVan*, 799 S.W.2d 632, 634 (Mo. Ct. App. 1990). The law of restitution is based on the conception "that no one should unjustly enrich himself at the expense of his neighbour." *Id.* at 635 n.1 (internal quotation marks and citation omitted).

Quantum Meruit

"The law implies contracts under circumstances where the minds of the parties do not meet on a given subject, and no intention touching the question appears[.]" *Weinsberg v. St. Louis Cordage Co.*, 116 S.W. 461, 466 (Mo. Ct. App. 1909).

> [A]s, for instance, where a party, without an intention to pay therefor, requests another to perform labor for him, and permits it to be executed to his benefit. In such circumstances, unless it appears the party rendering the labor intended it should be gratuitously performed, the law will imply a promise to pay. In such a case, though it is certain there was no meeting of the minds, the law nevertheless implies a contract to pay.

*Id.* Quantum meruit is a remedy for the enforcement of such a quasi-contractual obligation and is generally based on the principle of unjust enrichment. *Lucent Techs., Inc. v. Mid-West Elecs., Inc.*, 49 S.W.3d 236, 241 (Mo. Ct. App. 2001). "When one party has been unjustly enriched at the expense of another, the beneficiary can be compelled to make restitution to the one conferring the benefit." *Id.*

The essential elements of a quasi-contract or quantum meruit claim are 1) that the plaintiff provided to the defendant materials or services at the defendant's request or with the acquiescence of the defendant; 2) that the materials or services had reasonable value; and 3) that – despite the demands of the plaintiff – the defendant has failed and refused to pay the reasonable value of such materials or

services. *County Asphalt Paving Co. v. Mosley Constr., Inc.*, 239 S.W.3d 704, 710 (Mo. Ct. App. 2007). A claim for quantum meruit does not require the existence of an express agreement between the parties. *Id.*

In cases of quantum meruit recovery, the party viewed as breaching the implied contract is required to return to the injured party the reasonable value of work and labor furnished. *Bellon Wrecker & Salvage Co. v. Rohlfing*, 81 S.W. 3d 703, 711 (Mo. Ct. App. 2002). However, the furnished services must have enriched the recipient in the sense of benefits conferred. *Turpin v. Anderson*, 957 S.W.2d 421, 427 (Mo. Ct. App. 1997) (citing *International Materials Corp. v. Sun Corp.*, 824 S.W.2d 890, 895 (Mo. banc 1992)). As such, an unjust enrichment quantum in a case may be nothing if the actual value enjoyed by the recipient is none. *International Materials*, 824 S.W.2d at 895.

## Motion to Dismiss for Failure to State a Claim

The lawyer defendant groups move to dismiss plaintiffs' Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), arguing that it fails to state a claim upon which relief can be granted.[3]

Plaintiffs allege that they conferred a benefit by providing and/or paying for

---

[3]This motion [ECF No. 136] is brought by all the defendants challenging the claims brought by all the plaintiffs. It does not distinguish between the claims brought by the plaintiff law firms (Counts I - IV) and the same claims brought by the lawyers as co-trustees (Counts V - VIII). I therefore do not address whether there are any distinguishing factors between these two groups of plaintiffs for the purposes of this motion.

common benefit services and expense-related materials, which were developed in relation to the Rice MDL litigation and were provided to the defendant lawyers by virtue of their representation of Rice MDL litigants. These common benefit services and materials are alleged to include documents and discovery obtained from Bayer in the Rice MDL, the development of trial and legal strategy, and testimony obtained from deponents and trial witnesses. Plaintiffs allege that the defendants used these common services and materials in their representation of state-court clients, including in their settlement negotiations. Plaintiffs contend that it is inequitable for the defendant lawyers to reap the benefits of what they did not sow, that is, to have been paid their own legal fees without reimbursing plaintiffs for the services they provided and paid for.

As an initial matter, I reject defendants' argument that because there was never a contractual relationship between them and the plaintiff lawyer groups, plaintiffs cannot recover under either an unjust enrichment or quantum meruit theory. The existence of an express agreement between the parties is not required to state a claim of unjust enrichment or quantum meruit. An implied agreement can be inferred from the parties' conduct, namely, the non-gratuitous performance of services at the request or acquiescence of another from which the other obtained benefit. The allegations set out in the amended complaint here adequately allege such a relationship between the plaintiffs and the defendant lawyers.

I also reject defendants' related argument that the amended complaint fails to allege a required element of quantum meruit – that they requested or "authorized" plaintiffs to perform work on their behalf. I note, for instance, that the amended complaint refers to an early case management order (CMO) in the Rice MDL that provided that all MDL depositions "may be cross noticed in any related action pending in state court, and may be used . . . in any related state court proceedings" if allowed by applicable state law. (*See* 4:06MD1811, ECF No. 292 at p. 7; *see also id.,* ECF No. 474.) Given the CMO's use of permissive language ("*may* be cross-noticed"), the defendant lawyers were permitted, but not required, to avail themselves of these particular MDL services and materials to use in their state-court cases. It can be argued that, by availing themselves of these non-mandated services, defendants requested such services or at least acquiesced in plaintiffs' provision of them. I find the amended complaint to adequately allege that the defendants requested or acquiesced in plaintiffs' provision of common benefit services.

The focus of defendants' motion to dismiss, however, is their argument that plaintiffs cannot recover against them on an unjust enrichment or quantum meruit theory inasmuch as it was the defendants' state-court clients who benefited from the common benefit services, and not the defendants merely acting as their lawyers. Defendants contend that, in the absence of a representative relationship

with these state-court clients, plaintiffs cannot recover attorneys' fees for work performed that benefited non-clients. I reject these arguments as well.

In their amended complaint, plaintiffs claim that the defendant lawyers benefited by retaining fees and expenses paid to them by their state-court clients after obtaining successful results through their use of common services paid for and provided by plaintiffs. Plaintiffs contend that the defendants' retention of these fees and expenses is unjust given that they did not pay for the common benefit services they used to earn them. Accordingly, the benefits alleged in this case are the attorneys' fees and expenses themselves retained by the defendant lawyers from their state-court clients, not the clients' recoveries from the underlying Bayer litigations. By retaining possession of the fees and expenses and not paying for the services that led to their receipt, the defendant lawyers are the recipients of the benefits alleged in this litigation.

Defendants' reliance on *Johnson v. United States Dep't of Hous. & Urban Dev.*, 939 F.2d 586 (8th Cir. 1991), and *Brzonkala v. Virginia Polytechnic Inst. & State Univ.*, 115 F. Supp. 2d 677 (W.D. Va. 2000), to argue otherwise is misplaced. In *Johnson* and *Brzonkala*,[4] the prevailing parties in each respective litigation

---

[4] Both *Johnson* and *Brzonkala* examined exceptions to the American Rule in relation to an award of attorney's fees. The American Rule provides for each party to pay its own attorney's fees. Absent statutory authority or other exceptions to the Rule, a prevailing party does not collect its attorney's fee from the loser. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247 (1975); *Johnson*, 939 F.2d at 590.

sought attorneys' fees from the losing parties on the theory that the litigation conferred a "substantial benefit" upon an identifiable class whose interest was so aligned with the losing party that assessing fees against the losing party would result in the benefited class sharing in the expense of the litigation. In both *Johnson* and *Brzonkala*, the courts denied the requested fees, finding that the losing parties were not representative of the benefited class and that the required nexus between the fees sought and the class of beneficiaries was lacking. Contrary to defendants' assertion, the circumstances here are not analogous. First, the plaintiffs here do not seek attorneys' fees and costs against the loser in the original MDL or state-court litigations, that is, Bayer. Nor is this an action for attorneys' fees and expenses from the litigants who obtained recoveries from Bayer in the original litigations. Instead, as set out above, the recovery sought by plaintiffs are the fees and expenses themselves that the defendant lawyers "earned" through their use of Rice MDL common services that they did not pay for.

Nor does the absence of a representative relationship between plaintiffs and the defendants' state-court clients defeat plaintiffs' claims. Relying heavily on *Fox v. AAA U-Rent It*, 17 S.W.3d 481 (Ark. 2000), defendants argue that the lack of such an attorney-client relationship precludes any claimed recovery by plaintiffs for work performed that benefited non-clients. The circumstances in *Fox*, however, are inapposite to those alleged in the amended complaint here.

The trial court in *Fox* certified a class in an action seeking tax refunds from an Arkansas state agency. The court of appeals reversed the class certification, finding that the law did not permit a class to bring the relevant claims. The attorneys thereafter sought to recover fees from non-representative class members for work performed through the time the court of appeals reversed the class status. Arguing quantum meruit, the attorneys based their fee request on well-settled law that discharged attorneys are entitled to reasonable compensation for services rendered to the date of discharge. The court found, however, that because reversal of the class certification in fact nullified the class, there never existed an attorney-client relationship between the attorneys and the non-representative members of the class. With no attorney-client relationship, the attorneys could not have been "discharged" and therefore were not entitled to fees based on their quantum meruit theory. *Fox*, 17 S.W.3d at 487-88. Notably, the quantum meruit argument in *Fox* was based only on the attorneys' assertion of a previous attorney-client relationship from which they claimed an entitlement to fees through the time of discharge. The plaintiffs here do not base their quantum meruit theory on this rationale.

Defendants rely on *Fox* to also argue that plaintiffs cannot recover merely because their work product provided a *stare decisis* basis for the state-court litigants' later success.[5] Plaintiffs claim no such entitlement, however. While their

---

[5] The *Fox* court determined not to award attorneys' fees on the "sole basis" of *stare decisis*, that

claims are based, in part, on *stare decisis* elements, they also allege that the defendant lawyers benefited from using tangible materials obtained by plaintiffs and at their expense, as well as from plaintiffs' significant expenditure of time and resources in gathering and arranging for discovery; researching, drafting, and articulating arguments to the court; and preparing for and conducting trials at which defendants obtained strategic benefit for their own trials. Plaintiffs also claim that their significant expenditure of time and resources led to the global settlement with Bayer from which all plaintiffs – both MDL and state-court – benefited, and from which defendants accepted and retained unearned fees and expenses for work performed and paid for by plaintiffs. In sum, unlike *Fox*, these alleged benefits to the defendants are not based solely on the *stare decisis* value of the common benefit services.

Finally, defendants contend that the lack of requested relief specific to them as lawyers demonstrates the "absurdity" of the claims. In their prayer for relief, plaintiffs seek 11% of the total recovery the Phipps Group's state-court clients obtained from Bayer, for fees and expenses. From the Murray Group, plaintiffs seek 8% of its state-court clients' total recovery from Bayer, for fees. The proper recovery for unjust enrichment and quantum mertuit claims is the reasonable value

---

is, on the basis that counsel for one successful litigant could collect an attorney's fee from any other successive litigant who was successful under similar circumstances. *Fox*, 17 S.W.3d at 487.

of the work and labor furnished in view of the actual value enjoyed by the defendants. Failure to allege the reasonable value of services rendered is not fatal to the statement of any cause of action. Failure to *prove* the reasonable value, however, is fatal to recovery in quantum meruit. *McCardie & Akers Constr. Co. v. Bonney*, 647 S.W.2d 193, 194 (Mo. Ct. App. 1983). But we are not yet at the stage of litigation where proof of the value is required.

If an attorney is able to retain the benefit of having services provided and available for him to use on behalf of his client, without paying for such service, the provider of these services may bring a claim against that attorney in quantum meruit for unjust enrichment. *See Town & Country Appraisals, LLC. v. Hart*, 244 S.W.3d 187, 191 (Mo. Ct. App. 2007). "We fail to see how [the attorney] can contend that the availability of [services] creates a benefit for a client, alone, without benefiting the attorney representing such client." *Id.*

The lawyer defendant groups' motion to dismiss plaintiffs' Second Amended Complaint for failure to state a claim will be denied.

### **Motion of Individual Defendants to Dismiss**

The individual lawyer defendants also move to dismiss under Rule 12(b)(6), arguing that they cannot be individually liable because the allegations and averments in the Second Amended Complaint, as well as the Rice MDL pleadings cited in the amended complaint, show that their actions were done only on behalf

of their law firms and not as individuals. They argue that, because the amended complaint makes no allegations of wrongdoing on the part of the individual defendants apart from the alleged actions taken on behalf of their law firms, it fails to state a claim against them as individual defendants and must be dismissed as to them.

In order to state a claim for unjust enrichment/quantum meruit against a lawyer who also acts as an agent for his law firm, a complaint must allege that the individual lawyer undertook personal obligations and personally retained benefits from his actions. *See Town & Country Appraisals,* 244 S.W.3d at 189. A complaint alleging that the lawyer served and acted *only* as the agent of his law firm fails to state a claim for individual liability against the lawyer. *Id.*

Here, plaintiffs allege that all defendants – both individual lawyers and law firms alike – used common benefit services from the Rice MDL to their own benefit without paying for the provision of such services. The services and materials alleged to be used include documents and discovery obtained from Bayer in the Rice MDL, the development of trial and legal strategy, and testimony obtained from deponents and trial witnesses. The amended complaint alleges specific conduct by each named individual lawyer taken on behalf of himself individually and/or on behalf of his respective law firm(s).[6] The remainder of the

---

[6] ECF No. 128 at paras. 18, 19, 21, 23.

amended complaint collectively refers to all defendants as benefiting from the provision of common benefit services and unjustly retaining said benefits.

The amended complaint adequately alleges that the individual lawyers engaged in personal conduct availing themselves of the Rice MDL common benefit services and materials from which they obtained and retained benefits. The amended complaint alleges specific conduct on the part of each individual lawyer and that such conduct was performed by each lawyer *individually <u>and/or</u> on behalf of* their law firms. It further alleges that all defendants – which, by definition, include all of the law firms *and* the individual lawyers – retained benefits from the conduct alleged, including the direct or indirect receipt of fees and expenses. Given the explicit allegations of specific conduct against each individual lawyer performed as an individual, the lawyers' claim that the amended complaint fails to allege any wrongdoing on their part as individuals is without merit. The amended complaint's subsequent collective reference to all defendants as unjustly benefiting from the provision of services does not destroy the nature of the claims brought against the individual lawyers. *Cf. Move Merch, LLC v. Amaru/AWA Merch., Inc.*, No. 4:14-CV-878 CAS, 2015 WL 1040366, at *4 (E.D. Mo. Mar. 10, 2015).

Accordingly, a review of the face of the amended complaint shows it to contain enough factual allegations to state plausible claims for unjust enrichment and quantum meruit against the individual lawyers as individuals. To the extent

the complaint alleges that the lawyers also acted on behalf of their law firms, its claims of unjust enrichment and quantum meruit do not fail merely because they are alleged against corporate officers individually as well as in their capacity as agents of their professional corporations. *E.g., Zipper v. Health Midwest*, 978 S.W.2d 398 (Mo. Ct. App. 1998). Whether plaintiffs are able to prove such individual liability and that the individual lawyers benefited personally from their alleged misconduct is not a matter to be determined on a motion to dismiss. If, after discovery, the individual lawyers can show that they acted only within the scope of their relationship with their law firms, they may seek summary judgment on their contention that they cannot be held personally liable on plaintiffs' claims. *See Move Merch*, 2015 WL 1040366, at *3.

The individual lawyers' motion to dismiss plaintiffs' Second Amended Complaint for failure to state a claim against them will be denied.[7]

**Motion to Strike**

Defendants move to strike numerous allegations from the amended complaint that refer to the Common Benefit Order. In particular, they object to plaintiffs' inclusion of language that plaintiffs characterize as binding findings and

---

[7] Plaintiffs raise numerous other arguments as bases to deny this motion. To rule the motion on these other bases, however, would require me to review evidence beyond that which may be considered on a Rule 12(b)(6) motion to dismiss. If necessary, plaintiffs may raise these evidence-based arguments at subsequent stages in this litigation.

conclusions. In their response, plaintiffs argue that the statements from the MDL orders are in fact entitled to *res judicata* effect – plaintiffs essentially argue that their case has already been proven and they need do no more than refer to the MDL orders to prove their case.

As set out above, motions to strike are rarely appropriate, and this case is no different. Defendants are not prejudiced by the allegations remaining in the amended complaint. I have ruled that the complaint states a claim for unjust enrichment and for quantum meruit, but in doing so, I am not endorsing plaintiffs' statements that they somehow have already proven the claims by referring to the MDL orders. Claims require proof, and none has been presented to me thus far. I do not know how plaintiffs intend to prove their case; but to the extent their briefs so far indicate that they believe they can simply rely on prior rulings of this court for their proof of either liability or damages, I have very strong reservations.

Nevertheless, whether plaintiffs are able to adduce proof on the elements of their claims is an issue better left for summary judgment and not one to be litigated on a motion to strike. *See Kuhlmeier v. Hazelwood Sch. Dist.,* 578 F. Supp. 1286, 1295-97 (E.D. Mo. 1984); *FDIC v. Dosland*, 298 F.R.D. 388, 399 (N.D. Iowa 2013). This includes whether and to what extent language used in previous orders is relevant or has any effect on the elements to be proved. *Cf. International Materials,* 824 S.W.2d at 896 (trial court's simple finding that attorneys' efforts

contributed to final victory was not a measure of the actual value to the client). Indeed, while an apparently inevitable personal sense of injury is not an isolated phenomenon in our system of adversary litigation, it is not to be automatically equated with a legal right to redress. *Schleit v. British Overseas Airways Corp.*, 410 F.2d 261, 262 (D.C. Cir. 1969).

The motion to strike will be denied, but without prejudice to re-examination of the issues if raised in a subsequent motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for failure to state a claim [# 136] is denied.

**IT IS FURTHER ORDERED** that the separate motion of the individual defendants to dismiss for failure to state a claim [# 138] is denied.

**IT IS FINALLY ORDERED** that defendants' motion to strike [# 146] is denied without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2015.