UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DON M. DOWNING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV206 CDP |
| | ) | |
| GOLDMAN PHIPPS PLLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is one of several arising from disputes over fees among lawyers representing groups of plaintiffs in the genetically modified rice multi-district litigation that took place in this District. The plaintiffs here are lawyers who paid for common-benefit litigation services and materials in that litigation, and whose clients contributed to a Common Benefit Trust established to compensate the lawyers who performed common-benefit services. They bring unjust enrichment and quantum meruit claims against lawyers who represented clients in related state court cases and who did not contribute to the payment of the common-benefit services. The lawyer defendants are based in Texas, Arkansas and Louisiana. They move to transfer the case under 28 U.S.C. § 1404, arguing that plaintiffs' claims should proceed separately in the various districts in which the defendants'

witnesses and documents are located. Because I find that the transfers will not serve the interests of justice, I will deny the motion.

**<u>Background</u>**

Litigation began in 2006 after Bayer's genetically modified rice was found in the commercial rice supply. Thousands of rice producers and non-producers filed suit against various Bayer entities in federal and state courts. The defendants here represented many plaintiffs in the federal and state cases. The Judicial Panel on Multidistrict Litigation transferred all pending federal cases to this court, *In re Genetically Modified Rice Litigation*, 4:06MD1811 CDP ("Rice MDL"). Don Downing and Adam Levitt were appointed as plaintiffs' co-lead counsel and as Co-Trustees of a Common Benefit Trust established to reimburse the Rice MDL plaintiff attorneys. Over the course of the next several years, various law firms and attorneys invested considerable time and resources into the Rice MDL cases, providing substantial benefits to other plaintiffs in the litigation.

This case was brought by the Co-Trustees on behalf of the Trust and by law firms[1] (collectively "Gray Ritter" or Class Plaintiffs) in an attempt to recover attorney's fees and expenses incurred in the Rice MDL. The attorney defendants

---

[1] Gray, Ritter & Graham, P.C., is a law firm incorporated in the State of Missouri and is a citizen of that state. Wolf Haldenstein Adler Freeman & Herz, LLC, is a law firm with its principal place of business in Illinois and is a citizen of Illinois, New York, New Jersey, Connecticut, and California. Gray Reed & McGraw, P.C., is a law firm with its principal place of business in Texas, where it is incorporated.

obtained recoveries for clients in state-court cases that were not part of the Rice MDL and so did not contribute to the CBF Trust fund. Plaintiffs allege that the defendant attorneys used MDL common-benefit materials and work product to prosecute cases in state court on behalf of non-MDL clients.

The defendants in this case operate in states other than Missouri. Martin Phipps is the partner and/or manager of a number of related and predecessor law firms (collectively, "Phipps"), which are headquartered in Texas.[2] Mikal Watts is an attorney now affiliated with Watts Guerra, LLP,[3] and the capital partner of Mikal C. Watts, P.C. (collectively, "Watts"), also based in Texas. Keller Stolarczyk PLLC ("Keller") provided contract legal research and writing services for Phipps and has its offices in Boerne, Texas. Charles Banks is an attorney at the Banks Law Firm, PLLC (collectively, "Banks") in Little Rock, Arkansas. Stephen Murray is the sole proprietor of the Murray Law Firm (collectively, "Murray"), which operates in New Orleans, Louisiana.

## Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Although courts enjoy broad

---

[2] Goldman Phipps PLLC, Phipps Cavazos PLLC, Goldman Pennebaker & Phipps, P.C.

[3] Watts Guerra, LLP, is not a defendant in this action.

discretion in weighing motions for transfer, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), a plaintiff's choice of forum should only be disturbed when the balance of factors strongly favors the defendant. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002). After weighing the relevant factors and considering the particular circumstances present in the case, unless the balance is strongly in favor of defendant, the plaintiff's choice of forum should be left undisturbed. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Medicine Shoppe Int'l v. Tambellini*, 191 F. Supp. 2d. 1065, 1069 (E.D. Mo. 2002). The movant bears the burden of proving that the circumstances warrant transfer. *Terra Int'l*, 119 F.3d at 695. To carry that burden, the movant must show that its current inconvenience substantially outweighs the inconvenience that the opposing party would suffer if venue were transferred. *Buckeye Int'l, Inc. v. Unisource Worldwide, Inc.*, No. 4:07CV1747SNL, 2007 WL 4178615, at *3 (E.D. Mo. Nov. 19, 2007) (citing *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d. 1023, 1026 (D. Minn. 1999)).

Section 1404(a) "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l*, 119 F.3d at 691. This list of categories is not exclusive. *Id.* Of the criteria set

forth in § 1404(a), the convenience of witnesses is a primary, if not the most important, factor. *Hall v. The Holmes Group, Inc.*, No. 4:05CV2052 HEA, 2006 WL 148742, at *2 (E.D. Mo. Jan. 18, 2006); *May Dep't. Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995).

Defendants argue that, under § 1404, the court should transfer plaintiffs' claims to the various districts in which the defendants' witnesses and documents are located. The defendants propose three separate groupings. They contend that the claims against Phipps, Watts, and Keller should be transferred to either the Western District of Texas or the Eastern District of Arkansas. The Banks Defendants believe the case against them should be transferred to the Eastern District of Arkansas. Finally, the Murray Defendants argue that the Eastern District of Louisiana is the appropriate venue for the claims against them.

In arguing that the claims against Phipps, Watts, and Keller should be transferred to the Eastern District of Arkansas or to the Western District of Texas, defendants aver that all their evidence is located in those districts. Phipps has offices in San Antonio and McAllen, Texas and Little Rock, Arkansas. Phipps represented Arkansas rice plaintiffs in Arkansas state court. Keller did work on the Arkansas litigation for Phipps in Texas. Although Watts only has offices in Texas, it also represented Arkansas rice plaintiffs in Arkansas state court. For these three defendants, all of their documents, employees, and agents related to the Arkansas

rice litigation are located in Texas, and all non-party witnesses (mostly the farmers and others who were plaintiffs in the underlying cases) are located in Arkansas.

These defendants first note that they consider their Arkansas farmer-clients "crucial and quality witnesses" and that those witnesses are beyond this Court's subpoena power. In addition, because their own offices, documents, employees, and agents are located in Texas, travel to St. Louis for trial would be burdensome because it would require airfare, hotel accommodations, and would take them away from their families and offices.

The Banks Defendants argue that the plaintiffs' claims against them should be transferred to the Eastern District of Arkansas, because all of their client-witnesses, documents, employees, and agents are in that state. For essentially the same reasons, the Murray Defendants contend that the claims against them should be transferred to the Eastern District of Louisiana.

The Phipps, Watts, and Keller Defendants fail to explain why their Arkansas farmer-clients would suddenly be available to testify if the case were transferred to the Western District of Texas. Nor do they show how a move to the Eastern District of Arkansas would be significantly more convenient than remaining in Missouri; both locations would require significant expenditures and time away from their Texas bases of operations.

Each group of defendants argues that their farmer-clients are "crucial and quality" witnesses and are unwilling to travel to Missouri. None of the defendants, however, addresses why the needed testimony could not be obtained by other means. *Cf. Biometrics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 876 (E.D. Mo. 2000) (proposing deposition testimony and affidavits). Nor does this Court see how, precisely, the clients of defendants are "crucial" to their case. The evidence in this case, presumably, will touch on the use of litigation services by the defendant law firms and attorneys and the extent to which the defendants benefitted. It is difficult to see how live testimony from the defendants' clients can be essential to these issues.

Because their own evidence is largely in Texas and their client-witnesses are in Arkansas, the Phipps, Watts, and Keller Defendants would not achieve any significant increase in convenience from transfer. In contrast, the Banks Defendants' own evidence and their client-witnesses are located in Arkansas. A transfer to that state would greatly convenience the Banks Defendants and their witnesses, and the same may be said with respect to the Murray Defendants and Louisiana. A change of venue, however, would inconvenience the plaintiffs and undermine their choice of forum. Such a shift has been held insufficient to overcome the movant's burden under 28 U.S.C. § 1404(a). *See, e.g.*, *Anheuser-*

*Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1022 (E.D. Mo. 2002).

More importantly, any gain in convenience pales in comparison to the significant hardship that would be imposed upon the plaintiffs and upon the judicial system. The defendants' requested transfers require that litigation occur simultaneously in at least two separate districts. This would severely undermine the purpose behind § 1404. *See Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent.").

Based on the evidence and arguments presented, the Court finds that the interests of justice and convenience weigh heavily against transfer. Judicial economy will be greatly served by retaining this matter as a single action within this District. *See May Dep't Stores*, 900 F. Supp. at 1166 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results."). While the desired transfers would be convenient for the defendants, the circumstances as a whole require that the action remain in this district.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants motion to transfer venue pursuant to 28 U.S.C. § 1404 [# 134] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2015.