IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRAY, RITTER & GRAHAM, P.C., WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC, AND GRAY REED & MCGRAW, P.C., on behalf of themselves and those similarly situated; <br><br> and <br><br> Don M. Downing and Adam J. Levitt, as Co-Trustees of the Common Benefit Trust Fund <br><br>      Plaintiffs, <br><br> v. <br><br> GOLDMAN PHIPPS PLLC, GOLDMAN PENNEBAKER & PHIPPS, P.C., PHIPPS CAVAZOS PLLC, MIKAL C. WATTS, P.C., KELLER STOLARCZYK PLLC, MARTIN J. PHIPPS, MIKAL C. WATTS, BANKS LAW FIRM PLLC, CHARLES A. BANKS, STEPHEN B. MURRAY, SR. and MURRAY LAW FIRM <br><br>      Defendants. | Case No.  4:13-cv-00206 CDP |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR POSITION REGARDING DISCOVERY DISPUTES**

Plaintiffs Gray, Ritter & Graham, P.C., Wolf Haldenstein Adler Freeman & Herz LLC,

Looper, Reed & McGraw P.C. n/k/a Gray, Reed & McGraw, P.C. and Don M. Downing and

Adam J. Levitt as Co-Trustees of the Common Benefit Fund Qualified Settlement Trust

(collectively, "Plaintiffs") respectfully submit this Memorandum in Support of Their Position regarding Discovery Disputes. Plaintiffs respectfully request that the Court enter an order compelling Defendants to provide responsive answers to Plaintiffs' interrogatories and to search for and produce documents responsive to Plaintiffs' discovery requests. Further, Plaintiffs request that the Court enter an order limiting the scope of the discovery propounded on Plaintiffs pursuant to Federal Rule 26(b)(1)(C).

While there is some nuance in the Parties' discovery responses, in essence there are two competing positions. First, Plaintiffs contend that Defendants have improperly refused to provide relevant discovery aimed identify precisely which of Plaintiffs' common-benefit work was affirmatively used by Defendants in their state-court cases, which is clearly relevant to prove that, Defendants' benefitted from the very work and services that Defendants refuse to pay for. Second, Plaintiffs contend that Defendants' discovery seeking detailed information regarding each and every piece of common-benefit work product and expense provided by each class member is neither relevant nor reasonably calculated to lead to admissible evidence and must therefore be limited.

## ARGUMENT

### A. DEFENDANTS' RESPONSES AND PRODUCTIONS ARE DEFICIENT.

Defendants have failed to produce documents responsive to Plaintiffs' requests and have failed to provide full, responsive answers to Plaintiffs' interrogatories. Additionally, Plaintiffs' efforts to resolve these discovery disputes have been frustrated by Defendants' failures to reasonably search for responsive materials. For instance, there are several categories of items that Defendants claim they are still in the process of locating, despite having previously claimed on June 20th that all productions were complete.

The Court has already determined that Plaintiffs' "claims do require evidence of the defendants' use of the plaintiffs' common-benefit materials, including the circumstances surrounding that use, and the value of the benefit thereby obtained." July 14, 2015 Mem. & Order, Dkt. #187 at 16. Each of Plaintiffs' disputed requests and interrogatories seek information and evidence directly related to these issues. Accordingly, Plaintiffs seek a Court order compelling Defendants to produce the items identified below[1]. Defendants' Responses and Objections to Plaintiffs' First Request for Production are attached as **Exhibit A**, and Defendants' Responses and Objections to Plaintiffs' First Interrogatories are attached as **Exhibit B**.

### 1. Documents Defendants stated they "will produce" (Rqsts. ##1-10, 16, 17, 21)

Defendants stated that they "will produce" documents responsive to Plaintiffs' Requests for Production Request Nos. 1-10, 16, 17, and 21. *See* **Exhibit A** (Defs' Resp. to RFPs). However, as of July 24, 2015—more than five months after Plaintiffs propounded their requests—Defendants still contend that they are "continuing to search for additional responsive documents which were electronically stored." **Exhibit C** (7/24/15 letter re: Defs' Deficiencies); *see also* **Exhibit D** (7/17/15 letter re: Defs' Deficiencies) at 2. Incredibly, Defendants have still not produced settlement agreements for many of their state-court clients. Accordingly, Plaintiffs seek a Court order compelling Defendants to complete their search for and produce all documents responsive to these requests.

### 2. Communications with Bayer and/or Plaintiffs (Rqts. ##11, 16, 17, 18)

While Defendants initially objected to requests nos. 11 and 18, they have now confirmed that no responsive documents have been withheld based on their objections thereto. *See* **Exhibit**

---

[1] Specifically, Plaintiffs seek an order compelling Defendants to provide documents responsive to Plaintiffs' Requests Nos. 1-11 and 14-21. Plaintiffs also seek an order compelling Defendants to fully respond to Plaintiffs' Interrogatories Nos. 1 and 3.

3

**C** (7/24/15 letter re: Defs' Deficiencies) at 3.  However, it appears that Defendants have failed to produce a significant number of communications responsive to these requests.  For instance, Plaintiffs have located only about ten emails in the entirety of the production from the Phipps defendants.  Similarly, Plaintiffs have located no communications produced by the Banks Defendants and Keller Stolarczyk.  Further, the Murray Defendants have produced only a single email from the files of Stephen Murray.  Given their extensive involvement in the underlying state-court litigation, Plaintiffs are concerned that Defendants have failed to produce all responsive communications. Accordingly, Plaintiffs seek a Court order compelling Defendants to search for and produce all documents responsive to these requests.  If Defendants contend that such documents no longer exist, they should be compelled to provide the date and circumstances under which such communications were destroyed.  To the extent that any Defendant seeks to rely on their objection that documents are "not reasonably accessible," such Defendant should be required to make a showing that these materials cannot be accessed without an undue burden or cost pursuant to Rule 26(b)(2)(B).

Defendants have attempted to explain their failure to produce emails from the Phipps Defendants by asserting that Phipps' emails from before 2011 are "lost or are otherwise unavailable due to Martin Phipps having changed law firms in 2011." **Exhibit C** (7/24/15 letter re: Defs' Deficiencies) at 2.  But this objection is without merit since Mr. Phipps's predecessor firms are named defendants in this action.  Whether Mr. Phipps himself has possession of these documents personally is beside the point because either Mr. Phipps or Goldman Pennebaker / Goldman Phipps / Goldman Cavavos must have possession or control of these documents and any or all should be compelled to comply with discovery.  Mr. Phipps' attempts to hide behind the fact that he has moved law firms several times is simply a meritless objection.

The lack of merit to this objection is emphasized by the fact that Defendants have not explained what efforts they have made to retrieve these documents, or why Mr. Phipps does not have access to his own emails regarding his clients.  Defendants' emails, and especially Mr. Phipps' emails, are vital evidence in this litigation.  Not only will these emails reflect receipt of common-benefit work, but they likely also show Defendants' evaluation of common-benefit work, Defendants' use of common-benefit work, and Defendants' perception of the value of the common-benefit work.  All of these issues go to the heart of this litigation.

Defendants, including Mr. Phipps, had an obligation to preserve relevant evidence, including emails, when it "knows or should have known that the evidence is relevant to future or current litigation."  *Fidelity Nat'l Title Ins. Co. v. Captiva Lake Inv., LLC*, No. 4:10-CV-1890 (CEJ), 2015 WL 94560, at *2 (E.D. Mo. Jan. 7, 2015) (citing *E*Trade Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005)).  There can be no doubt that Defendants, and Mr. Phipps in particular, knew or should have known by 2010 at the latest that this email evidence would be relevant to potential future litigation relating to the common-benefit fund.  In its February 24, 2010 Order establishing a common-benefit fund, the Court specifically cautioned: "The lawyers and plaintiffs who have not agreed to join the trust will have been unjustly enriched if they are not required to contribute to the fees of the leadership lawyers." 2/24/2010 Order at 2 (MDL ECF No. 2574).  Further, the Court specifically acknowledged Plaintiffs' position that state-court plaintiffs and attorneys should contribute to the common benefit fund:

> Plaintiffs' leadership group asks me to include the state court cases in this order, so that defendants would be required to hold back and contribute a portion of any settlements or judgments from those cases as well as from the MDL cases. As stated above, I do not have jurisdiction to do this.

*Id.* at 9. This alone should have been enough to put Defendants on notice that the email communications must be preserved. Nonetheless, in response to the 2/24/2010 Order's lack of jurisdiction, the leadership group moved to intervene in Defendants' *Kyle* case pending in Arkansas state court on March 8, 2010, based on Plaintiffs' assertion that they are owed contribution for their common-benefit work. *See* Motion to Intervene, attached as **Exhibit E**. Clearly, Mr. Phipps and Defendants knew that email evidence regarding their state-court rice cases was relevant and must be preserved no later than March 8, 2010.

Notwithstanding their obligation to preserve evidence relevant to future litigation, Defendants had an independent obligation to preserve their Rice files pursuant to the Missouri Rules of Professional Conduct. In its Rules of Disciplinary Enforcement, Rule IV(B) this Court has specifically adopted the Missouri Rules of Professional Responsibility. Accordingly, all attorneys appearing in the Rice MDL, including Mr. Phipps and other Defendants, had an obligation to comply with the Missouri Rules of Professional Conduct. *See, e.g., In re Compact Disc Minimum Advertised Price Antitrust Litig.*, No. MDL 1361, 2001 WL 243494, at *2 (D. Maine Mar. 12, 2001) (applying local rules of professional conduct to attorney conduct in the MDL). Missouri's Rules of Professional Conduct require all lawyers to retain their clients' files for a period of at least ten years. Rule 4-1.22. Furthermore, Rule 4-1.22(d) specifically requires a lawyer not to destroy a file if the lawyer knows that other litigation is pending related to the representation.

The most severe sanctions for spoliation require "a finding of intentional destruction indicating a desire to suppress the truth." *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir.2007) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th. Cir.2004)). "Intent is rarely proved by direct evidence, and a district court has substantial leeway to

6

determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Greyhound*, 485 F.3d at 1035 (*quoting Morris v. Union Pac. R.R.*, 373 F.3d 896, 902 (8th Cir.2004)).  To the extent any Defendant has failed to preserve relevant evidence, Plaintiffs request the opportunity to investigate whether such failure was intentional.

Thus, for the Phipps Defendants and any other Defendant asserting that responsive communications are inaccessible, or were otherwise destroyed, Plaintiffs request that the Court order such Defendant to take all possible steps to restore and immediately produce these responsive documents.  In the alternative, if Defendants cannot recover the missing emails, Plaintiffs request that the Court order Defendants to show cause why sanctions should not be imposed—including, but not limited to, an adverse inference.

### 3.     Communications relating to this lawsuit (Rqst. # 20)

Defendants have refused to provide communications responsive to this request.  Instead, each Defendant has made the same objections, which are not stated in detail as required under E.D.Mo. L.R. 3.04(C) and Fed. R. Civ. P. 33(b)(4).  For instance, each Defendant objects that this request "is overbroad and unduly burdensome, and is vague and ambiguous, as the term 'your Rice cases' is undefined."  *See* **Exhibit A** (Defs' RFPs) at Request No. 20.  Notably, the phrase "your Rice cases" (which is anything but ambiguous) appears nowhere in Request No. 20.  Accordingly, that objection should be summarily overruled.  *See* E.D.Mo. L.R. 3.04(C).

Thus, Defendants' only remaining objections are that Plaintiffs' request is irrelevant and immaterial, not reasonably calculated to lead to admissible evidence, that the burden and expense exceeds any conceivable benefit.  None of these objections is stated in detail or explained in anyway.  For instance, this Request specifically seeks information related to "this lawsuit," which is facially relevant.  Defendants have not identified any burden or expense in responding

7

to this request, and any potential burden is minimized where Defendants have already agreed to search for—and in fact have already produced—some responsive communications. *See* **Exhibit C** (7/24/15 letter re: Defs' Deficiencies). Because Defendants have failed to state their objections in detail pursuant to E.D.Mo. L.R. 3.04(C) and have failed to provide any rationale for their objections pursuant to Fed. R. Civ. P. 34(b)(2)(B), Plaintiffs request that the Court compel Defendants to produce documents responsive to Request No. 20.

The communications responsive to this Request are of undoubtedly highly probative. For instance, this Request seeks communications among Defendants. Thus, these documents will likely show Defendants' receipt of Plaintiffs' work product, Defendants' use of that work product, and Defendants' opinions regarding the value of that work product.

Again, to the extent any Defendant asserts that responsive communications are inaccessible, or were otherwise destroyed, Plaintiffs request that the Court order such Defendant to take all possible steps to restore and immediately produce these responsive communications. In the alternative, if Defendants cannot recover the destroyed communications, Plaintiffs request that the Court order Defendants to show cause why sanctions should not be imposed—including, but not limited to, an adverse inference, as explained in Section 2 above.

> **4.  Documents and Interrogatories regarding Defendants' compensation (Requests ## 15 & 19; Interrogatories ## 1 & 3)**

Defendants have refused to produce documents responsive to Plaintiffs' Requests Nos. 15 and 19, which relate to Defendants' attorney-client fee agreements and the amount of compensation Defendants received from their state-court rice cases. *See* **Exhibit A** (Defs' Resp. to RFPs). Such information is vital if there is any chance of successful mediation because Plaintiffs cannot calculate damages until this information is produced. Defendants refusal to produce this information, which they contend is irrelevant, is one of the reasons that Plaintiffs

8

objected to a stay of trial deadlines to mediate this case. Quite frankly, there is no indication that Defendants are willing to pay any amount of money to settle this case and their refusal to give Plaintiffs the information necessary to evaluate their damages prior to mediation confirms this fact.

Similarly, Defendants have refused to answer Interrogatories Nos. 1 and 3, which relate to Defendants' compensation and the total recovery for Defendants' clients in state-court Rice cases. *See* **Exhibit B** (Defs' Resp. to Interrogatories). Both these requests and interrogatories are directly relevant to the valuation of the benefit received by Defendants, which the Court has recently confirmed is relevant to this lawsuit. *See* July 14, 2015 Mem. & Order, Dkt. #187 at 16. Simply put, Plaintiffs contend that Defendants used Plaintiffs' work product without just compensation to secure settlements and judgments against Bayer. Accordingly, the value of the benefit conferred on Defendants is directly relatedly to the compensation they received, which, in turn, is directly related to the total compensation received by their clients. Accordingly, these Requests are facially relevant, and Plaintiffs request that the Court compel Defendants to produce documents responsive to these Requests.

### 5. Documents Defendants claim support their defenses (Rqst. #14).

Defendants have refused to produce documents responsive to Plaintiffs' Request No. 14, which seeks evidence relating to Defendants' defenses. Defendants have asserted various boilerplate objections, but none is stated in detail as required under E.D.Mo. L.R. 3.04(C) and Fed. R. Civ. P. 33(b)(4). For instance, every Defendant objects that "your Rice cases" is undefined, despite the fact that this phrase appears nowhere in the Request. Accordingly, each of these objections should be summarily overruled pursuant to E.D.Mo. L.R. 3.04(C). Each Defendant also objected that this Request is premature because the Defendants had not filed their Answers. However, each Defendant filed its Answer on July 20, 2015, so this Request can no

longer be argued to be premature.  Accordingly, Plaintiffs request that this Court enter an order compelling Defendants to produce documents responsive to Request No. 14.

      **B.    DEFENDANTS' DISCOVERY REQUESTS ARE IRRELEVANT AND, THUS, UNNECESSARILY BURDENSOME.**

The disputed information sought by Defendants primarily relates to issues that this Court has already held are not relevant to Plaintiffs' claims or Defendants' defenses.  Furthermore, most of Defendants' requests are vastly overbroad on their face, and would require Plaintiffs to produce literally every document related in any way to the underlying Rice MDL.  Despite Plaintiffs' clear objections, Defendants have never made any effort to narrow the scope of their overbroad requests.  Further, much of the material that Defendants request relates only to detailed records reflecting each individual class member's contributions to the common-benefit, which this Court has already determined are individual issues that are not relevant to this class action.  Accordingly, pursuant to Federal Rule 26(b)(2)(C) the Court "must limit the . . . extent of discovery" because the burden of responding to Defendants' irrelevant requests inherently outweighs its likely benefit and because the discovery sought is unreasonably duplicative.

      **1.    Information tracking each piece of work-product (Requests ## 3, 13, 14; Interrogatories ##9-15)**

The information sought by Defendants' Requests Nos. 3, 13, and 14 and Interrogatories Nos. 9-15, requires Plaintiffs to identify each individual piece of work product, identify the attorney or attorneys who provided or paid for that work, identify the amount of time spent providing work-product, and identify the value that particular piece of work-product conferred on each Defendant.  *See* **Exhibit F** (Plts' Resp. to RFPs) and **Exhibit G** (Plts' Resp. to Interrogatories).  These Requests and Interrogatories fail to recognize that Plaintiffs' claims are based on Plaintiffs' collective provision of common-benefit work as a whole, not based on any

individual piece or pieces of common-benefit work.  In fact, the Court has already determined that this type of individual inquiry is not required:

> Defendants also argue that individual questions predominate because the plaintiffs' claims will require an inquiry into the specific legal work performed or paid for by each class member.  **I do not agree that this kind of individualized fact-finding will be required.**  By pooling their resources, the MDL plaintiffs and their lawyers achieved a great deal of efficiency in the prosecution and ultimate settlement of all their MDL claims.  Because they undertook this joint approach to the underlying litigation, they will not have to show that each individual class member provided or paid for specific things – instead they can show that they jointly incurred the expenses that conferred a benefit on the defendants.
>
> ∗∗∗
>
> Here, individual attorneys and law firms created work product, but each service was provided as part of a collective effort on behalf of all the MDL plaintiffs to prosecute the MDL.  To the extent that any defendant used any particular piece of work product, the plaintiffs need only show that they created that work product as part of the collective effort.  The same may be said for the common-benefit expenses.

July 14, 2015 Mem. & Order, ECF No. 187 at 14-16 (emphasis added).  Furthermore, there is no real dispute that Plaintiffs and the Class collectively created the common-benefit work at issue—indeed, the Court can take judicial notice of the fact that almost all of the work-product at issue is either contained in documents filed by Plaintiffs in the underlying Rice MDL or reflected in testimony elicited by Plaintiffs in the underlying Rice MDL.  Any other work product provided to Defendants would be reflected in the communications between Plaintiffs and Defendants, which Plaintiffs have already produced.

Furthermore, Plaintiffs have already provided to Defendants the summary documents filed in the Rice MDL that reflect each Plaintiff's individual contribution to the common-benefit. Defendants seek the documents underlying these summaries, but to the extent such documents exist, they would provide no relevant information beyond that already contained in the summaries.  For instance, while the summaries filed in the MDL itemize the expenses incurred

11

by each Plaintiff, Defendants seek granular paper receipts underlying each and every one of those expense reports.  Paper receipts provide no additional information beyond what the expense summary already provides, and may actually provide less information due to the lack of context.  Similarly, to the extent time records underlying the MDL summaries ever existed, those records would undoubtedly be over-inclusive in billing for work that was not ultimately submitted as part of the common-benefit work.

There can be no question that in a case involving quantum meruit and unjust enrichment, the appropriate measure of damages is the actual value of the benefit conferred, and—as the Court has pointed out—that element is consistent regardless of the state law to be applied.  *See* July 14, 2015 Mem. & Order, ECF No. 187 at 16 n. 14 (collecting cases under the laws of Missouri, Arkansas, Texas, and Louisiana).  Importantly, the Missouri Supreme Court has noted that the inquiry regarding the "actual value" of the benefit conferred is a completely separate inquiry from the time spent or cost incurred to create the work-product. *Int'l Materials Corp. v. Sun Corp., Inc.*, 824 S.W.2d 890, 896 (Mo. 1992) (en banc).  Accordingly, there is no clear nexus between the time and expense spent by any one Plaintiff in creating any one piece of common-benefit work, and the ultimate value received by Defendants.  *See* 7/6/2015 Mem. & Order, ECF No. 185 at 6 ("[A]n unjust enrichment quantum in a case may be nothing if the actual value enjoyed by the recipient is none." (citing *id.* at 865)).

> 2. **Communications with Defendants and Third-Parties (Requests ##4 & 5)**

Defendants sought production from Plaintiffs of all documents that "evidence, refer or relate to any communications" between Plaintiffs and any Defendant or between Plaintiffs and any third-party "relating to any matters alleged in the Second Amended Complaint."  *See* **Exhibit F** (Plts' Resp. to RFPs).  Plaintiffs have objected to both of these Requests as overbroad

12

and unduly burdensome and not calculated to lead to admissible evidence because the phrases "relate to," "related to," and "relating to" require on their face Plaintiffs to produce any communication with any conceivable nexus to any communication. Plaintiffs have already produced their non-privileged communications with Defendants relating to LL Rice[2]. Defendants have not been able to articulate any potential relevance of Plaintiffs' communications with third-parties in the underlying Rice MDL. Plaintiffs' communications with non-Defendants has no probative value to any of the issues in this lawsuit—namely, the provision of common-benefit work to Defendants, Defendants' use of common-benefit materials, or the value to Defendants of that use.

### 3. Documents that "evidence, refer, or relate" to Plaintiffs' claims (Requests ## 8-12)

In Requests Nos. 8-12, Defendants seek "[a]ll documents that evidence, refer, or relate" to Plaintiffs' claims. These Requests are clearly overbroad on their face, because, as written, they would require Plaintiffs to produce literally every document related in any way to the underlying MDL or this lawsuit. Despite Plaintiffs' objections that these Requests are overbroad and would require the production of "every document related to the underlying Rice MDL," **Exhibit F** (Plts' Resp. to RFPs), Defendants have refused to clarify or narrow the scope of these Requests. *See* **Exhibit H** (7/24/15 letter re: Plts' Responses).

Rather than explain the relevancy of these hopelessly overbroad Requests, Defendants instead contend that their Requests are not objectionable merely because they are similar to requests propounded by Plaintiffs. However, the fact remains that Defendants' receipt of common-benefit work, use of common-benefit work, and the actual value conferred by that common-benefit work is all directly relevant to Plaintiffs' claims. Because the inquiry focuses

---

[2] This limitation is necessary given certain Plaintiffs' and certain Defendants' mutual and continued involvement in at least one unrelated litigation.

exclusively on Defendants' conduct, it is expected that most of the relevant discovery will be directed at Defendants.

### 4. Interrogatories regarding damages (Interrogatories Nos. 15-18)

Defendants' Interrogatories Nos. 15-18 seek information regarding Plaintiffs' claimed damages. Plaintiffs have appropriately responded to these interrogatories with information regarding their computation of damages on a class-wide basis. Plaintiffs reasonably objected to these Interrogatories as overbroad and unduly burdensome to the extent they purport to require Plaintiffs to identify "each and every fact and document" or "all evidence" forming the basis of Plaintiffs' contention. Plaintiffs have also objected to the extent that these Interrogatories seek expert testimony, which will be provided at the time determined by the schedule set by this Court. In fact, some of this has already been provided to Defendants because Plaintiffs have already disclosed and provided their expert's report to the Defendants.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order compelling Defendants to provide full responses to the discovery requests identified. Additionally, Plaintiffs respectfully request that this Court limit the unreasonable discovery sought by Defendants pursuant to Federal Rule 26(b)(2)(C) and/or Federal Rule 26(c).

Dated: August 11, 2015             **STUEVE SIEGEL HANSON LLP**

By: /s/  Todd E. Hilton
Patrick J. Stueve, Bar No. 37682MO
Todd E. Hilton, Bar No.51388MO
Bradley T. Wilders, Bar No. 60444MO
460 Nichols Rd., Suite 200
Kansas City, Missouri 64112
Tel:  (816) 714-7100
Fax:  (816) 714-7101
stueve@stuevesiegel.com
hilton@stuevesiegel.com
wilders@stuevesiegel.com

**CLASS COUNSEL
AND ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the parties of record.

/s/      Todd E. Hilton
*Counsel for Plaintiffs and the Class*