# EXHIBIT B

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release (the "Settlement") is entered into by and among Don M. Downing and Adam J. Levitt, on behalf of the Common Benefit Trust; Gray, Ritter & Graham, P.C.; Wolf Haldenstein Adler Freeman & Herz LLC; and Gray Reed & McGraw, P.C., on behalf of themselves and those similarly situated (on the one hand) (collectively "Plaintiffs") and Mikal C. Watts, P.C., Mikal C. Watts, Watts Guerra LLP, and Francisco Guerra, IV (on the other hand) (collectively "Watts"), subject to preliminary and final Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and Watts are collectively the "Settling Parties." As provided herein, the Settling Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement and upon entry by the Court of a Final Settlement Approval Order, all Plaintiffs' claims against Watts made in the action, or which could have been made in the action and arise out of the allegations pled in the action, titled *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-206-CDP pending in the U.S. District Court for the Eastern District of Missouri and all Watts' claims against Plaintiffs made in the action, or which could have been made in the action and arise out of the allegations pled in the action, titled *Goldman Phipps PLLC v. Gray, Ritter & Graham, P.C., et al.*, Cause No. 2012-CCV-62122-3 pending in the Nueces County, Texas Court at Law (collectively the "Claims") shall be settled and compromised upon the terms and conditions contained herein.

## RECITALS

WHEREAS, on or about January 31, 2013, Plaintiffs filed their Class Action Complaint and Complaint for Interpleader in *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-206-CDP (E.D. Mo.) alleging claims of unjust enrichment, *quantum meruit*, and interpleader against Watts and other Defendants;

WHEREAS, on or about October 22, 2013, Mikal C. Watts, P.C. *et al.* filed its First Amended Petition for Declaratory Judgment in *Goldman Phipps PLLC v. Gray, Ritter & Graham, P.C., et al.*, Cause No. 2012-CCV-62122-3 (Nueces County, Texas);

WHEREAS, on or about January 5, 2015, Plaintiffs filed their Second Amended Class Action Complaint in *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-206-CDP (E.D. Mo.) alleging claims of unjust enrichment and *quantum meruit* against Watts and other Defendants;

WHEREAS, on or about July 14, 2015, the Court granted certification to a class comprised of all persons and entities that provided or paid for common-benefit services, materials, and/or related expense items (except Defendants) and a subclass comprised of all persons and entities that provided common-benefit services (except Defendants);

WHEREAS, the Settling Parties believe that the interests of all concerned are best served by compromise, settlement, and dismissal of the Claims and that the terms of this Settlement are fair, reasonable, adequate, and in the Settling Parties' mutual best interests;

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration provided for herein, the Settling Parties hereby agree and stipulate to a full, final, and complete settlement of the Claims on the following terms and conditions:

## I.     Definitions

In addition to the terms defined within this Settlement, the following defined terms apply throughout this Settlement:

1. "Class Action" refers to the action titled *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-206-CDP pending in the U.S. District Court for the Eastern District of Missouri.

2. "Class Counsel" is defined as Patrick J. Stueve, Todd E. Hilton, and Bradley T. Wilders, of Stueve Siegel Hanson LLP, 460 Nichols Road, Suite 200, Kansas City, Missouri 64112, as appointed by the Court.

3. "Court" means the United States District Court for the Eastern District of Missouri, Hon. Catherine D. Perry.

4. "Enhancement Firms" mean the law firms of Davis, Bethune & Jones; Gray, Ritter & Graham, PC; Hare Wynn Newell and Newton, LLP; Looper Reed; Neblett, Beard & Arsenault; Wolf Haldenstein Adler Freeman & Herz LLP.

5. "Effective Date" means the date by which all of the following events have occurred: (i) Class Counsel and Watts have executed this Settlement; (ii) the Court has entered the Final Approval Order; and (iii) the time for seeking rehearing, appellate or other review of the Final Approval Order has expired, or this Settlement is affirmed on appeal or review, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired. The Effective Date shall not be altered in the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses in the amounts that Class Counsel requests ("Fee Request"). Further, the Effective Date shall not be altered in the event that an appeal is filed with the sole issue on appeal being the Fee Request awarded to Class Counsel.

## II.    Settlement Class

6. The "Settlement Class" shall be defined as set out in the Court's July 14, 2015 Class Certification Order (Doc. No. 187), and is comprised of: All persons and entities that provided or paid for common-benefit services, materials, and/or related expense items (except Defendants).

7. "Settlement Class Members" refers to all persons and entities included within this Settlement Class definition, who do not timely opt-out of the Class Action.

## III. Settlement Consideration

8. Within thirty (30) calendar days of the Effective Date, Watts, jointly and severally, agree to wire transfer three hundred fifty thousand dollars ($350,000.00) (hereinafter the "Settlement Fund") into an Escrow Account established by the Genetically Modified Rice MDL Common Benefit Trust (the "Trust").

9. Watts agree to assign back to the Trust all ownership, right, title and interest (in any way) to any refund of monies paid into the Trust (the "Assignment"). The Assignment includes, but is not limited to, any refund available to other beneficiaries of the Trust because the expenses incurred by the Trust did not exceed the amount collected. For example, without limitation, if Watts had paid $350,000.00 and had been treated as all other depositors into the Trust, they may have been entitled to approximately 70% of the cost portion of that deposit (3/11 of the $350,000.00). The Assignment therefore has value of approximately $66,800.00.

10. Watts shall not oppose or object to Plaintiffs' recommendation as to how to distribute or allocate this Settlement Fund or how costs or expenses are allocated from this Settlement Fund or Trust, which shall be exclusively determined by the Court.

11. Disbursements from this Settlement Fund may be made to (a) pay any taxes, fees, or costs due on the account; (b) pay Settlement Class members, as approved by the Court; (c) pay fees and expenses to Class Counsel, as approved by the Court; and (d) pay costs related to Settlement or Notice Administration.

## IV. Preliminary Approval

12. Upon execution of this Settlement by the Settling Parties, Class Counsel shall in its discretion move the Court for an order granting preliminary approval of this Settlement ("Preliminary Approval"). The proposed Preliminary Approval Order shall be attached to the motion and shall be in a form agreed upon by the Settling Parties. The motion for preliminary approval shall request that the Court:

   a. preliminarily approve the terms of this Settlement as within the range of fair, adequate, and reasonable;

   b. approve the Notice Program set forth herein and approve the form and content of the Notice;

   c. approve the "opt-out" and "objections" procedures set forth herein for Settlement Class Members to exclude themselves from this Settlement Class or to object to this Settlement; and

   d. schedule a Final Approval Hearing for a time and date convenient for the Court, at which the Court shall conduct an inquiry into the fairness of this Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses ("Fee Application").

## V. Settlement/Notice Administrator

13. The Trust shall administer various aspects of this Settlement, as provided herein, including, but not limited to, providing Notice to Settlement Class Members and/or effecting Publication Notice.

14. All costs incurred by the Trust shall be borne by and paid by the Trust, or as otherwise determined by the Court.

## VI. Notice, Opt-Outs, and Objections

15. Upon entry of Preliminary Approval, at the direction of the Trust, the Trust shall implement the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice shall include, among other information: a description of the material terms of this Settlement; a date by which Settlement Class Members may object to this Settlement; the date upon which the Final Approval Hearing shall occur; and the address of this Settlement Website at which Settlement Class Members may access this Settlement and other related documents and information.

16. Class Counsel shall design and develop a Notice Program that is reasonably practicable under the circumstances and as directed and/or approved by the Court. Watts shall not object to the Notice Program. The Parties shall agree on the form of notice, and if an agreement cannot be reached, they shall submit the issue to, and it shall be decided finally and conclusively by, John Perry with both Parties waiving any right to appeal and with the costs of Mr. Perry to be split 50/50 by Plaintiffs (50%) and Watts (50%).

17. The Notice shall include a procedure for Settlement Class Members to exclude themselves from this Settlement Class by notifying the Trust in writing of the intent to exclude himself or herself from this Settlement Class. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Class Action; and the individual's signature. The Trust shall provide Class Counsel with copies of all completed opt-out notifications and a final list of all who have timely and validly excluded themselves from this Settlement Class, which Class Counsel may move to file under seal with the Court no later than 10 calendar days prior to the Final Approval Hearing. Watts agrees not to oppose filing this information under seal. Any Settlement Class Member who does not timely and validly exclude himself or herself shall be bound by the terms of this Settlement.

18. The Notice shall also include a procedure for Settlement Class Members to object to this Settlement and/or to Class Counsel's Fee Application. Objections to this Settlement or to the Fee Application must be filed electronically with the Court, or mailed to the Clerk of the Court and Class Counsel. For an objection to be considered by the Court, the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court and Class Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, as specified in the Notice. No objection shall be considered by the Court, unless it sets forth each of the following items:

    a.     the objector's full name, address, email address, and telephone number;

b.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

c.  all grounds for the objection, accompanied by any legal support for the objection;

d.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to this Settlement or Fee Application;

e.  the identity of all counsel representing the objector who shall appear at the Final Approval Hearing;

f.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

g.  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

h.  any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

i.  a list of any persons who shall be called to testify at the Final Approval Hearing in support of the objection;

j.  a statement representing whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.  the objector's signature on the written objection (an attorney's signature is not sufficient).

19. Within seven (7) calendar days after the Notice Deadline, the Trust shall provide Class Counsel with one or more affidavits affirming that the E-mail Notice and Internet Notice on this Settlement Website were completed in accordance with the Settling Parties' instructions and the Court's Preliminary Approval.

20. The Trust shall pay all costs and expenses associated with providing notice to Settlement Class Members.

21. The Enhancement Firms agree not to seek exclusion from the Class.

## VII. Final Approval

22.     Class Counsel's motion for preliminary approval of this Settlement shall include a request to the Court for a scheduled date on which the Final Approval Hearing shall occur. By no later than twenty-one (21) calendar days prior to the Objection Deadline, Plaintiffs shall file a motion for final approval of this Settlement and a Fee Application. By no later than fourteen (14) calendar days prior to the Final Approval Hearing, the Settling Parties shall file responses, if any, to any objections, and any replies in support of final approval of this Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards. At the Final Approval Hearing, the Court shall consider Class Counsel's motion for final approval of this Settlement, and Class Counsel's Fee Application. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who objects to this Settlement or to the Fee Application, provided the objectors filed timely objections that meet all of the requirements provided herein.

23.     Class Counsel shall make its Fee Application at least twenty-one (21) calendar days before the Objection Deadline. Class Counsel shall seek the reimbursement of expenses and attorneys' fees of at least 30% of this Settlement Fund. Watts agree that they shall not object to Class Counsel's Fee Application. The finality or effectiveness of this Settlement shall not depend on the Court awarding Class Counsel any particular amount on their Fee Application and shall not alter the Effective Date. Any award of attorneys' fees, costs, and expenses shall be paid out of this Settlement Fund.

24.     In the event the Court declines to approve, in whole or in part, the Fee Application in the amounts that Class Counsel requests, the remaining provisions of this Settlement shall remain in full force and effect. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of attorneys' fees, costs, and expenses shall constitute grounds for cancellation or termination of this Settlement.

25.     At or following the Final Approval Hearing, the Court shall determine whether to enter the Final Approval Order granting final approval of this Settlement, and whether to approve Class Counsel's Fee Application. The proposed Final Approval Order that shall be filed with the motion for final approval shall be in a form determined by Class Counsel, consistent with this Settlement and Preliminary Approval. The proposed Final Approval Order shall, among other things:

- a.     Determine that this Settlement is fair, adequate, and reasonable;
- b.     Determine that the Notice provided satisfied Due Process requirements;
- c.     Dismiss the Claims before the Court with prejudice;
- d.     Bar and enjoin the releasing Settling Parties from asserting any of the released Claims, as set forth herein, including during the pendency of any appeal from the Final Approval Order;
- e.     Release the Settling Parties from the Claims; and

 f. Reserve the Court's continuing and exclusive jurisdiction over the Settling Parties, all Settlement Class Members, and all objectors to this Settlement to administer, supervise, construe, and enforce this Settlement in accordance with its terms.

## VIII. Releases

26. As of the Effective Date, each Plaintiff and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, past and present law firms, past and present partners, affiliates, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Watts and each of their respective heirs, assigns, beneficiaries, past and present law firms, past and present partners, affiliates, and successors of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of or are based upon the non-payment of attorneys' fee and expense assessments and holdbacks in the underlying *In re: Genetically Modified Rice Litigation* ("Settling Class Member Release").

27. As of the Effective Date, Watts and each of their respective heirs, assigns, beneficiaries, past and present law firms, past and present partners, affiliates, and successors shall automatically be deemed to have fully and irrevocably released and forever discharged each Plaintiff and each Settlement Class Member, each on behalf of himself or herself and on behalf of his or her respective heirs, assigns, beneficiaries, past and present law firms, past and present partners, affiliates, and successors, of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon the overpayment or non-payment of attorneys' fee and expense assessments and holdbacks in the underlying *In re: Genetically Modified Rice Litigation* ("Watts Release").

28. For purposes of clarification, neither the Settling Class Member Release nor the Watts Release affects, impacts, modifies, or satisfies any other agreement between the Parties.

29. Within seven (7) calendar days of the Effective Date, Plaintiffs shall dismiss their Claims against Watts with prejudice in the action titled *Downing, et al. v. Goldman Phipps PLLC, et al.*, Case No. 4:13-CV-206-CDP pending in the U.S. District Court for the Eastern District of Missouri and Watts shall dismiss their Claims against Plaintiffs with prejudice in the action titled *Goldman Phipps PLLC v. Gray, Ritter & Graham, P.C., et al.*, Cause No. 2012-CCV-62122-3 pending in the Nueces County, Texas Court at Law, with each party to bear its own costs, expenses, and attorneys' fees.

30. The Settlement in no way affects the claims of any Plaintiff or Settlement Class Member against any other defendant in the Class Action, against Riceland Foods, Inc., and/or against Bayer entities.

## IX. Termination of Settlement

31.   This Settlement may be terminated by either Watts or Class Counsel, on behalf of Plaintiffs and Settlement Class Members, by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fourteen (14) calendar days after either of the following occurrences:

   a.   the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve this Settlement; or

   b.   an appellate court reverses the Final Approval Order, and this Settlement is not reinstated without material change by the Court on remand.

32.   In the event of a termination, as provided herein, this Settlement shall be considered null and void; all of Settling Parties' obligations under this Settlement shall cease to be of any force and effect; the amounts in this Settlement Fund, if any, shall be returned to Watts; and the Settling Parties shall return to the status quo ante in the Class Action as if the Parties had not entered into this Agreement, with each side assuming the rights they had as of June 6, 2016. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses shall be preserved.

33.   In the event of a termination, this Settlement Fund shall be returned to Watts within ten (10) calendar days of termination.

34.   This Settlement shall become effective on the Effective Date unless earlier terminated. After the Effective Date, this Settlement cannot be terminated by the Settling Parties.

35.   In the event this Settlement is terminated, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Class Action or any other action or proceeding for any purpose. In such event, all Parties to the Class Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## X. Miscellaneous Provisions

36.   <u>Exclusive Jurisdiction and Venue.</u>   The United States District Court for the Eastern District of Missouri, the Honorable Catherine J. Perry (the "Court") shall have exclusive jurisdiction and venue over the Class Action, this Settlement, and any disputes regarding this matter, except disputes regarding the specific terms and conditions to be included in this Settlement.

37.   <u>Confidentiality.</u> The terms and amount of this Settlement are strictly confidential and shall not be disclosed to anyone, including to other Defendants in the Class Action, to Herzog Crebs, or to other Defendants' counsel, until the Settling Parties submit this Settlement to the Court for Preliminary Approval. Watts shall instruct Herzog Crebs and counsel in the Texas action not to request a copy of this Settlement nor inquire enquire into its terms. Confidentiality shall be lifted upon filing of preliminary approval.

38.     Mikal C. Watts and Mikal C. Watts, P.C. agree to provide affidavits, deposition testimony, and/or trial testimony in the Class Action, at Plaintiffs' sole discretion and request, including, but not limited to, the factual basis to authenticate and admit at trial certain documents produced by Watts in the Class Action; provided, Plaintiffs shall give Watts reasonable notice of their need and reasonably accommodate Watts' schedules.

39.     The Settling Parties agree that this Settlement shall be binding on the Settling Parties regardless of any action taken by any court prior to final approval of this Settlement by the Court. However, if a court's action triggers a right of termination by the Settling Parties under this Settlement, the Settling Parties may terminate this Settlement, as provided herein.

40.     Settling Parties shall not take any actions contrary to this Settlement and shall undertake all reasonable actions necessary to obtain final approval of this Settlement by the Court.

41.     This Settlement reflects a compromise, which cannot be used in any proceeding except to enforce the terms of this Settlement and does not constitute an admission of liability by any of the Settling Parties.

*(Signature Page to Follow)*

IN WITNESS WHEREOF, the Settling Parties or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____  6/22/16
Todd E. Hilton                   Date
*Counsel for Plaintiffs and Class Counsel*


_____  6-21-16
Don M. Downing                   Date
*On behalf of himself, Plaintiffs, the Trust and the Class*


_____  6/20/16
Mikal C. Watts                   Date
*On behalf of himself and Mikal C. Watts, P.C.*


_____  6/20/16
Francisco Guerra, IV             Date
*On behalf of himself and Watts Guerra LLP*

[Insert Signature Lines for the Enhancement Firms]

IN WITNESS WHEREOF, the Enhancement Firms or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____  
Don M. Downing  
*On behalf of Gray, Ritter & Graham, P.C.*

6-21-16  
Date

_____  
Fred T. Isquith, Sr.  
*On behalf of Wolf Haldenstein Adler Freeman & Herz LLC*

_____  
Date

_____  
William B. Chaney  
*On behalf of Gray Reed & McGraw, P.C.*

6/21/16  
Date

_____  
Grant L. Davis  
*On behalf of Davis, Bethune & Jones, LLC*

_____  
Date

_____  
Scott A. Powell  
*On behalf of Hare Wynn Newell and Newton, LLP*

_____  
Date

_____  
Richard J. Arsenault  
*On behalf of Neblett, Beard & Arsenault*

_____  
Date

IN WITNESS WHEREOF, the Enhancement Firms or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____  
Don M. Downing  
*On behalf of Gray, Ritter & Graham, P.C.*

Date _____


_____  
~~Fred T. Isquith, Sr.~~  DANIEL KRASNER  
*On behalf of Wolf Haldenstein Adler Freeman & Herz LLC*

Date  6/21/16


_____  
William B. Chaney  
*On behalf of Gray Reed & McGraw, P.C.*

Date _____


_____  
Grant L. Davis  
*On behalf of Davis, Bethune & Jones, LLC*

Date _____


_____  
Scott A. Powell  
*On behalf of Hare Wynn Newell and Newton, LLP*

Date _____


_____  
Richard J. Arsenault  
*On behalf of Neblett, Beard & Arsenault*

Date _____

IN WITNESS WHEREOF, the Enhancement Firms or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____         _____
Don M. Downing                          Date
*On behalf of Gray, Ritter & Graham, P.C.*

_____         _____
Fred T. Isquith, Sr.                    Date
*On behalf of Wolf Haldenstein Adler Freeman & Herz LLC*

_____         _____
William B. Chaney                       Date
*On behalf of Gray Reed & McGraw, P.C.*

_____         June 22, 2016
Grant L. Davis                          Date
*On behalf of Davis, Bethune & Jones, LLC*

_____         _____
Scott A. Powell                         Date
*On behalf of Hare Wynn Newell and Newton, LLP*

_____         _____
Richard J. Arsenault                    Date
*On behalf of Neblett, Beard & Arsenault*

IN WITNESS WHEREOF, the Enhancement Firms or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____   _____
Don M. Downing                                                                Date
*On behalf of Gray, Ritter & Graham, P.C.*


_____   _____
Fred T. Isquith, Sr.                                                               Date
*On behalf of Wolf Haldenstein Adler Freeman & Herz LLC*


[signature]   6/21/16
_____   _____
William B. Chancy                                                             Date
*On behalf of Gray Reed & McGraw, P.C.*


_____   _____
Grant L. Davis                                                                    Date
*On behalf of Davis, Bethune & Jones, LLC*


[signature]   8/12/16
_____   _____
Scott A. Powell                                                                  Date
*On behalf of Hare Wynn Newell and Newton, LLP*


_____   _____
Richard J. Arsenault                                                          Date
*On behalf of Neblett, Beard & Arsenault*

IN WITNESS WHEREOF, the Enhancement Firms or their duly authorized representatives have executed this Agreement as of the date(s) shown below.

_____                    _____
Don M. Downing                                      Date
*On behalf of Gray, Ritter & Graham, P.C.*


_____                    _____
Fred T. Isquith, Sr.                                Date
*On behalf of Wolf Haldenstein Adler Freeman & Herz LLC*


_____                    _____
William B. Chaney                                   Date
*On behalf of Gray Reed & McGraw, P.C.*


_____                    _____
Grant L. Davis                                      Date
*On behalf of Davis, Bethune & Jones, LLC*


_____                    _____
Scott A. Powell                                     Date
*On behalf of Hare Wynn Newell and Newton, LLP*


_____                    _____6/22/16_____
Richard J. Arsenault                                Date
*On behalf of Neblett, Beard & Arsenault*