UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON M. DOWNING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:13CV206 CDP |
| | ) |
| GOLDMAN PHIPPS PLLC, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM, ORDER AND INJUNCTION**

This case presents the extraordinary situation where the Court must protect its jurisdiction by enjoining parties from pursuing state-court proceedings. Plaintiffs in this case seek to enjoin certain defendants from proceeding further in a declaratory judgment action those defendants instituted in a Texas state court. This class-action case is procedurally advanced. It is set for trial on May 1, 2017, discovery is completed (including depositions of expert witnesses), the class has been certified, two groups of defendants have reached settlements with the class, notice has been sent, and many motions have been ruled on and others are pending. The relief sought in the Texas action would seriously impair this Court's ability to decide this case and would frustrate orders that have previously been issued. The Texas case additionally seeks to relitigate issues that have already been decided by this Court. I will therefore grant plaintiffs' motion for an order enjoining

defendants from proceeding in the state-court lawsuit [ECF 319].

A. <u>Legal Standards</u>

The All Writs Act, 28 U.S.C. § 1651, provides that a federal court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act has been interpreted as not only allowing a federal court to protect its jurisdiction, but also to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). Such commands include an order not to act. *USCOC of Greater Mo., LLC v. County of Franklin, Mo.*, 636 F.3d 927, 932 (8th Cir. 2011).

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Considering the permission granted to district courts to enjoin state-court proceedings "where necessary in aid of its jurisdiction," coupled with similar language in the All Writs Act, district courts are considered to have permission to enjoin a state-court proceeding when that proceeding seriously impairs the federal court's ability and authority to decide the case. *E.g.*, *Newby v. Enron Corp.*, 338 F.3d 467, 474 (5th Cir. 2003) (citing *In re Corrugated Container*

*Antitrust Litig.*, 659 F.2d 1332, 1334 (5th Cir. 1981); *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970)); *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.*), 770 F.2d 328, 335 (2d Cir. 1985); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2012 WL 5055810, at *12, (D. Minn. Oct. 18, 2012). The pendency of the Texas state-court action fits within this purview.

B.  Background of this Case

This class-action lawsuit involves a dispute over attorneys' fees obtained by lawyers representing plaintiffs in the multidistrict litigation known as *In re Genetically Modified Rice* and in related state-court cases. In that federal MDL case, the Court established a Common Benefit Fund to which the MDL plaintiffs were required to deposit a percentage of their settlements and judgments. The fund was then distributed to the lawyers who had done work benefitting all the MDL plaintiffs. Rice plaintiffs who had only state-court lawsuits, however, were not required to contribute to the CBF, because the federal court lacked jurisdiction to order them to do so. *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 873-74 (8th Cir. 2014). This case alleges that the lawyers who obtained fees in those state-court cases but did not contribute to the CBF nevertheless benefitted from the work done by the MDL lawyers, and seeks to recover from them on theories of unjust enrichment and quantum meruit.

Plaintiffs here are MDL lawyers and claimants who provided or paid for common benefit services in the rice MDL litigation. Class plaintiffs Gray, Ritter & Graham, P.C., Wolf Haldenstein Adler Freeman & Herz, LLC, and Looper Reed & McGraw, P.C., were appointed as class representatives to represent a class consisting of "All persons and entities that provided or paid for common-benefit services, materials, and/or related expense items (except Defendants)" and a related sub-class. Additional plaintiffs are Don M. Downing and Adam J. Levitt as co-trustees of the MDL common benefit trust fund.[1]

Defendants in this case are attorneys who represented plaintiffs in the state-court rice cases and who did not contribution portions of the settlements of those cases to the CBF.[2] The class-action complaint groups the defendant attorneys into two main groups, the Phipps Group and the Murray Group. Included in the Phipps Group are the law firms of Goldman Phipps PLLC, Goldman Pennebaker & Phipps PC, Keller Stolarczyk PLLC, Mikal C. Watts PC, Banks Law Firm PLLC, and Phipps Cavazos PLLC[3]; as well as individual attorneys Martin J. Phipps, Mikal C. Watts, and Charles A. Banks. The Murray Group is made up of the Murray Law Firm and individual attorney Stephen B. Murray, Sr. Attorney Mikal C. Watts and his law firm, Michael C. Watts PC, have settled with the MDL Group, and a final

---

[1] For ease of reference in this memorandum, I will refer to the plaintiff group in its entirety as the "MDL Group."
[2] The defendants also represented plaintiffs in the federal MDL cases.
[3] Phipps Cavazos PLLC was dismissed from this action without prejudice for plaintiffs' failure to timely serve this defendant under Fed. R. Civ. P. 4(m).

- 4 -

fairness hearing on the proposed class settlement with these defendants is scheduled for January 18, 2017. Attorney Charles A. Banks and the Banks Law Firm PLLC have likewise entered into a settlement agreement with the MDL Group.

This case was filed on January 31, 2013. After an initial decision dismissing the case for lack of personal jurisdiction was reversed by the Eighth Circuit Court of Appeals, discovery and motion practice began in earnest. The Court has held multiple scheduling conferences and discovery hearings, many motions have been filed and ruled upon, an unsuccessful Court-ordered mediation was conducted, and the class was certified. As noted above, two groups of defendants have agreed to settle, and a fairness hearing is scheduled in January of 2017 regarding one of those settlements. Discovery is closed, and the parties' dispositive and *Daubert* motions are due shortly.

C. The State Court Action

On November 2, 2012, Goldman Phipps PLLC, Michael C. Watts PC, and Murray Law Firm (collectively, "Phipps/Watts/Murray") brought a declaratory judgment action in the County Court at Law of Nueces County, Texas,[4] seeking a declaration that Gray, Ritter & Graham PC; Wolf Haldenstein Adler Freeman & Herz, LLC; Looper Reed & McGraw, PC – plaintiffs and class representatives in this federal action – and others, "have no right or claim to any relief with respect to

---
[4] Cause No. 2012CCV-621223.

attorney's fees and/or expenses distributed from Plaintiffs' QSF,[5] and further precluding any possible relief sought from Plaintiffs by Defendants."[6] They did not serve any defendants, or provide any notice to defendants that suit had been filed, until after this federal case had been filed.[7] In an amended petition for declaratory judgment, Don M. Downing and Adam J. Levitt were added as defendants to the action. Phipps/Watts/Murray also amended their prayer to seek a declaration "that Federal MDL Lawyers have no right or claim to any relief with respect to attorney's fees and/or expenses arising from the GMB Settlement Agreement, distributed from Phipps/Watts/Murray' QSF, or compensation arising from contract-based, tort-based, or equity-based theories of liability or recovery."[8]

On September 8, 2016, Goldman Phipps PLLC filed a motion for summary judgment in the state-court action, requesting a hearing, and asking that judgment as a matter of law be entered in its favor on the claims raised in the amended petition for declaratory judgment.[9] The Supreme Court of Texas thereafter stayed any action on that motion or trial, pending resolution of an interlocutory appeal to that court

---

[5] "QSF" refers to a "Qualified Settlement Fund" that was created as part of the global settlement of state-court actions against Bayer "to accept settlement funds from Bayer to distribute client payments, attorney's fees, and expenses." (ECF #319-3, Petn. for Decl. Judg. at p. 4.)
[6] *Id.* at p. 9.
[7] No defendants in the Texas case were served until February 14, 2013, two weeks after this case was filed. (ECF #319-4, Resp. to Mot. to Trans. Venue at p. 5 n.4.)
[8] ECF #319-5, Amd. Petn at p. 20.
[9] ECF #319-6.

involving jurisdiction.[10] On December 2, 2016, the Texas Supreme Court denied rehearing on the petition for review that was pending before it, and it lifted the stay previously imposed.[11]

D.  Discussion

The scope of the relief sought in the Texas state-court action includes a declaration precluding the plaintiffs in this federal court action from obtaining "any relief" arising from "contract-based, tort-based, or equity-based theories of liability or recovery" related to the defendant attorneys' recovery of fees and expenses from the state-court rice lawsuits. In its motion for summary judgment pending in that action, Goldman Phipps specifically seeks a declaration that the plaintiffs here are precluded from "any other relief potentially sought by them" related to the state-court settlements and fund. The imposition of such a judgment by the Texas state court would seriously impair the ability of the class representatives in this action to prosecute the case – and indeed would most likely disqualify them as class representatives – and thereby interfere with the interests of the class itself. This is especially significant here given that two of the individual defendant attorneys and their respective law firms have settled the class claims, notice of settlement has been given to the class, and processes have long been underway to resolve with finality the claims against those defendant attorneys and their firms. Allowing the Texas

---

[10] ECF #319-7.
[11] ECF #324-1, Texas Supreme Court Orders, at pp. 8-9.

- 7 -

state court to preclude this relief by granting a contrary judgment as is now requested would prevent this Court from considering the class settlements that have already been reached. It would seriously impair this Court's ability and authority to resolve the merits of this complex case.

Further, my review of Goldman Phipps' motion for summary judgment pending in the Texas state-court action shows it to seek legal determinations on issues I already decided in this federal action, leading to potentially inconsistent rulings on outcome-determinative matters. This, too, would seriously impair my ability and authority to decide this class-action case and, further, would frustrate orders previously issued within this Court's jurisdiction. For all of the above reasons, I conclude that the case presents extraordinary circumstances justifying injunctive relief under the All Writs Act.

I reject defendants' argument that enjoining their first-filed Texas state action is improper and would reward the MDL Group's forum-shopping conduct. Although the Texas action was filed nearly three months before this federal class-action, no defendant in the Texas action was served with process until after the filing of this class-action lawsuit. Indeed, the MDL Group avers, and the defendants do not dispute, that the plaintiffs in this federal action were unaware of the Texas declaratory judgment action when they filed this class-action in January 2013.

Nor does the *Younger* abstention doctrine apply to this case. "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). Instead, abstention applies to only three "exceptional" circumstances as identified by the United States Supreme Court: state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. *Id.* at 588, 593-94. Where none of these circumstances is present, "the general rule governs: '[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same manner in the Federal court having jurisdiction.'" *Id.* at 588 (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)) (alteration in *Sprint*). This case does not fall within any of the three exceptional circumstances identified by the Supreme Court.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Order Enjoining Defendants from Proceeding in State-Court Lawsuit [319] is **GRANTED.**

**IT IS FURTHER ORDERED** that Goldman Phipps PLLC, Michael C. Watts PC, and Murray Law Firm are enjoined from proceeding further before the trial court in the matter styled *Goldman Phipps PLLC, et al. v. Gray, Ritter & Graham, P.C., et al.,* Cause No. 2012CCV-621223, pending in the County Court at

Law of Nueces County, Texas, until a final judgment issues in this federal class-action case.

**IT IS FURTHER ORDERED** that Goldman Phipps PLLC, Michael C. Watts PC, and Murray Law Firm must immediately notify the County Court at Law of Nueces County, Texas, of this injunction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2016.